

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thomas A. Wheat
County Attorney
Liberty, Texas

Dear Sir:

Opinion No. O-3715
Re: Interpretation of delinquent
tax contract in view of House
Bill No. 76, 47th Legislature.

On January 20, 1941, the Commissioners' Court of
Liberty County entered into a contract on the form adopted
by the office of the State Comptroller with H. A. Maynard,
an Attorney, for the collection of delinquent taxes during
a period beginning with the date of the contract and ending
on December 31, 1942. Paragraph eight of said contract reads
as follows:

"First Party agrees to pay to Second Party as com-
pensation for the services hereunder required 10 per
cent (not to exceed fifteen (15) per cent) of the amount
collected of all delinquent taxes, penalty and interest
of the years covered hereby, actually collected and paid
to the collector of taxes during the term of this con-
tract, of which Second Party is instrumental in collecting
as evidenced by copies of communications, tax notices or
abstracts filed with the tax collector prior to the pay-
ment of such tax, including collection of taxes on
property not appearing on the assessment rolls nor shown
delinquent but which would have been so shown had it been
properly assessed, discovered by said Second Party, as
and when collected, following the end of each month
within the period of this contract, accordingly as the
collector makes up his monthly reports; provided, cost
of collecting delinquent taxes shall not exceed the
amount of penalty and interest, or an amount equal to

such penalty and interest of all delinquent taxes
collected under the terms of this contract (Chapter 239,
Sec. 2, Regular Session Forty-second Legislature, having
reference to the regular 8% penalty and 6% interest).
The per cent of compensation here referred to shall be
contingent upon the collection of such taxes as by act
of the Legislature are required to be collected. Should
any remission of penalty and interest on taxes appearing
on the delinquent records be made by legislative enact-
ment effective during the period of this contract, the
same shall not be collected nor commission allowed
thereon. Also, ad valorem taxes, delinquent, levied
against State owned property for county and district
purposes, the payment of which is to be taken care of
by Legislative appropriation provided for by Statute,
are excluded from the provisions of this contract."

In your letter of June 10, 1941, you request our
opinion in response to the following question:

"Are all of the commissions payable to H. A. May-
nard delinquent tax contract under his contract with
the State and County limited to the 6% provision of
H. B. #76, or is he entitled to full contractual commis-
sion on those accounts where abstracts, tax notices or
communications have been mailed, and notice thereof
filed with the tax collector in view of the last sentence
in Section No. 2 of said Bill?"

Sections 1, 2 and 3 of House Bill No. 76, 47th
Legislature, read as follows:

"Section 1. That all interest and penalties that
have accrued on all ad valorem and poll taxes that were
delinquent on or before July 1, 1940, due the State,
and county, common school district, road district,
levee improvement district, water improvement district,
and water control and improvement district, irrigation
district, and other defined subdivisions of the State
(and, subject to the provisions hereinbefore and here-
inafter contained, such interest and penalties on
delinquent ad valorem and poll taxes due cities, towns,
and villages, and special school districts, and indepen-
dent school districts,) shall be and the same are hereby
released, provided said ad valorem and poll taxes are
paid on or before November 1, 1941. It is provided that
the provisions hereof shall not apply to cities, towns,
and villages, and special school districts, and indepen-
dent school districts, unless and until the governing

body of any such city, town, or village, or special
school district, or independent school district finds
that unusual or excessive default in the payment of
ad valorem and poll taxes has occurred, and that an
extension of time for the payment of such delinquent
ad valorem and poll taxes will promote and accelerate
the collection thereof, whereupon such governing body
shall adopt a resolution or ordinance evidencing such
finding, and upon the recording of such findings of
fact the provisions of this Act shall be in full force
and effect as to any such city, town, or village, or
special school district, or independent school district.
It is hereby expressly and specifically provided that
penalties and interest herein released are released
only on delinquent ad valorem and poll taxes and on
no other taxes.

"Sec. 2.  That all costs of every kind and character
that have accrued or attached or that may hereafter accrue
or attach to or by reason of delinquent poll or ad valorem
taxes on which said poll or ad valorem tax the interest
and penalties have been released by any of the provisions
of this Act shall be and the same are hereby released,
and no such costs shall hereafter be charged, collected,
or accounted for, provided, however, that any costs that
are now due and payable to any officer or official shall
remain a valid obligation, notwithstanding the provisions
hereof.

"Sec. 3.  Anyone desiring to pay at one time all
the delinquent taxes for only one year wherein such
taxes are delinquent for more than one year shall have
the right to pay the same but without remission of
penalties and interest; provided, however that any
persons availing themselves of the benefits of this
Act shall be required to pay all delinquent ad valorem
taxes due the State and county on any specific piece
of property on which such taxes are delinquent before
the penalties and interest may be released as herein
provided; conditioned that a six per cent (6%) penalty
on the total amount delinquent be paid on such property."

Honorable Sam H. Davidson, page 4

In our opinion No. O-3879 we had a similar contract under construction, the question there under consideration being the amount of commission or compensation payable to the contracting attorney, in view of said House Bill No. 76. We therein said:

"To us the proviso in the contract 'cost of collecting delinquent taxes shall not exceed the amount of penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected under the terms of this contract' was meant only to guard against the use of tax money itself to pay the costs of collection, but to make the penalty and interest collected under the contract as an over-all proposition subject to such expenses. In other words, it was meant to provide that the attorney's compensation under the contract and any other costs of collection incurred, if any, should not exceed the total amount of penalties and interest collected by him during the time of and under the contract. Applying this to the contract in question it is our opinion that Mr. Payne may be paid the full 7½ per cent commission stipulated in the contract, so long as such per cent, plus any other costs of collection incurred, if any, do not exceed an amount equal to the penalties and interest collected under the contract from its beginning."

As shown above, it is our opinion that the express terms of the contract limit the sums which are to be paid the collecting attorney to an amount equal to the penalties and interest collected under the terms of the contract. No distinction is made between payments made to him as compensation for service and those which would serve to reimburse him for expenditures of money made by him in pursuance of the terms of the contract. No question of vested rights is involved, since the attorney agreed that he should never have any right to moneys in excess of the amount of penalties and interest which he should collect.

Honorable Sam H. Davidson, page 5

The quoted provision from the contract has been in the form promulgated by the office of the Comptroller since early in 1937. Its inclusion was not wholly arbitrary and without reason. Penalties and interest may be remitted by simple legislative action, while the tax itself may not be remitted except in extreme instances by a two-thirds vote of both houses. Article 8, Section 10, State Constitution. Such remissions of penalty and interest are intended and reasonably calculated in themselves to induce the taxpayer to come in and pay his delinquent taxes. This provision in the contract was evidently meant to claim for the State and County, and other political subdivisions, the benefits resulting from this inducement and to remove from any controversy the question as to whether the collection was actually brought about by the attorney and was one for which he ought to receive compensation. But, whether one may regard the reasons back of such provision in the contract as good or not, the important thing is that such is in the contract.

In view of the written agreement of the parties we have not found it necessary to consider the question as to whether the statute (Art. 7264A, Sec. 2, V.A.C.S.) would permit of a contract for the payment of sums exceeding the amount of penalties and interest collected.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

APPROVED JUL 22, 1941

_____
FIRST ASSISTANT
ATTORNEY GENERAL

GRL:AMM


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN